IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

FLORIST'S TRANSWORLD DELIVERY, INC.
Plaintiff

v.

SIGFREDO MORENO-BADILLO, doing
business as 1-800 FLORES, 24 Hour Roses,
and 800-Violets
Defendant

CIVIL NO. 97-1350 (CCC)

Taxation of Costs

## TAXATION OF COSTS

Before the Clerk of the Court in the above-captioned case is plaintiff Florist's Transworld Delivery, Inc.'s (hereinafter referred to as "FTD") unopposed Bill of Costs (Docket No. 29).

On August 26, 1998, a default judgment was entered in favor of FTD (Docket No. 28). As prevailing party, FTD now seeks recovery of the following items of costs: (1) filing fee - $150.00; (2) service of summons and complaint - $1,427.00; and, (3) fees for exemplification and copies - $54.25.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party." Furthermore, 28 U.S.C. § 1920 allows the prevailing party to recover the following as costs:

    (1)    Fees of the clerk and marshal;

    (2)    Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

    (3)    Fees and disbursements for printing and witnesses;

    (4)    Fees for exemplification and copies of papers necessarily obtained for use in the case;

    (5)    Docket fees under section 1923 of this title;

    (6)    Compensation of court appointed experts, compensation of

interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. See, 28 U.S.C. § 1920.

However, "not all expenses of litigation are costs taxable against the losing party, and within the statutory framework of costs eligible to be taxed, the district court has discretion in determining and awarding costs in a given case." Pershern v. Fiatallis North America, Inc., 834 F. 2d 136, 140 (8th Cir. 1987), citing Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987).

The Clerk of Court, having reviewed the abovementioned bill of costs and the record, makes the following determinations.

**Fees of the Clerk.** FTD seeks recovery of the $150.00 filing fee. Taxation of the clerk's fees as costs is specifically allowed by 28 U.S.C. § 1920 (1). Therefore, recovery of the $150.00 claimed for fees paid to the Clerk of the Court is allowed.

**Fees for Service of Summons and Complaint.** FTD seeks recovery of $1,427.00 allegedly expended for service of summons and complaint. Rule 4(c)(2) of the Federal Rules of Civil Procedure allows for the service of process by any person who is not a party and who is at least 18 years of age. It is the policy of the Office of the Clerk that service of process fees are taxable. However, FTD has failed to substantiate this expense. See Taxation of Costs Guidelines. Also, FTD failed to indicate who was summoned or subpoenaed. Therefore, recovery of the amount claimed for service of process is disallowed without prejudice.

**Fees for Exemplification and Copies.** FTD seeks recovery of $54.25 for exemplification and copies of documents. The cost of photocopying documents necessarily obtained for use in a case are taxable under 28 U.S.C. § 1920(4). It is the policy of the

Civil No. 97-1350 (CCC)                                                                                   Page -3-

Office of the Clerk to allow recovery of copying costs for those documents which are introduced as evidence at trial, or attached as an exhibit to a pleading that has been filed and served upon the opposing party. "Photocopying costs for the convenience, preparation, research, or records of counsel may not be recovered." United States v. Davis, 87 F. Supp. 2d 82, 88 (D.R.I. 2000), citing Grady v. Bunzl Packaging Supply Co., 161 F.R.D. 477, 479 (N.D.Ga. 1995). Thus, it is the policy of the Clerk of the Court to disallow expenses for the photocopying of documents for the convenience of a party, or obtained for counsel's own use, absent court authorization. However, "[c]opies may be deemed necessary even if not used in the trial of the matter." Davis, 87 F. Supp. 2d at 88, citing Piester v. IBM Corp., 1998 WL 1267929 at 2 (1st Cir.).

FTD failed to identify which documents were copied, and explain if they were necessarily obtained for use in the case. Also, FTD failed to submit the corresponding documentation in support of its claim. For the reasons stated herein, this expense is also disallowed without prejudice.

WHEREFORE, a total amount of $150.00 is taxed as costs to FTD in the above-captioned case. FTD shall, within ten (10) days from the date of receipt of the taxation of costs, substantiate those claims disallowed without prejudice. Pursuant to Fed. R. Civ. P. 54(d), the Clerk's determination on the taxation of costs may be reviewed by the Court upon motion served within five (5) days thereafter.

In San Juan, Puerto Rico, this ___ day of November, 2003.

s/cs:to ( ♂ )
attys/pts
in ICMS

NOV 2 1 2003

FRANCES RIOS DE MORAN
CLERK OF COURT

Angel A. Valencia-Aponte, Esq.
Chief Deputy Clerk